UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

Civil No.: 05-

BARBARA A. JONES,
ROBERT M. JONES,
MOLLY JONES, ppa, and
STEVEN JONES, ppa,

Plaintiffs,

vs.

ASHISKUMAR S. PATEL,
NITESHKUMAR K. PATEL,
RAMANBHATI K. PATEL,
NEHA CORP., d/b/a Quick Stop,
SHANKAR CORPORATION,
  d/b/a Dime Redemption Center, and
HIGHLAND CONVENIENCE,

Defendants.

05  11411 RWZ

MAGISTRATE JUDGE RBC

RECEIPT # 65410
AMOUNT $250
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK. Dwl
DATE 4/6/05

## COMPLAINT AND JURY CLAIM

1.    The plaintiff, Barbara A. Jones, is an individual residing in Brooksville,

Florida.

2.    The plaintiff, Robert M. Jones, is an individual residing in Brooksville,

Florida, and at all times referred herein was, and is, the spouse of the plaintiff, Barbara A.

Jones, and at all times referred herein was, and is, the parent and next friend of Molly

Jones, and Steven Jones.

<u>Barbara A. Jones, et al v. Ashishkumar S. Patel, et al</u>       **USDC Mass Civil #.:05-**
Complaint and Jury Claim                                                      Page 2

 3. The plaintiff, Molly Jones, is an individual and a minor, residing in

Brooksville, Florida, and brings this action through her parent and next friend, Robert M.

Jones.

 4. The plaintiff, Steven Jones, is an individual, and a minor, residing in

Brooksville, Florida, and brings this action through his parent and next friend, Robert M.

Jones.

 5. The defendant, Ashiskumar S. Patel [hereinafter "A. Patel"], is an

individual residing in South Easton, Massachusetts.

 6. The defendant, Niteshkumar K. Patel [hereinafter "N. Patel"], is an

individual residing in Lynn, Massachusetts.

 7. The defendant, Ramanbhati K. Patel [hereinafter "R. Patel"], is an

individual residing in Westboro, Massachusetts.

 8. The defendant, NEHA Corp. [hereinafter "NEHA"], is a corporation duly

organized by law, and doing business as Quick Stop, with a usual place of business in

Norton, Massachusetts.

 9. The defendant, Shankar Corporation [hereinafter "Shankar"], is a

corporation duly organized by law, and doing business as Dime Redemption Center, with

a usual place of business in Lynn, Massachusetts.

10.    The defendant, Highland Variety [hereinafter "Highland], is an unknown

individual doing business as, is an unknown entity doing business as, and/or is an entity

of some type, with a usual place of business in South Easton, Massachusetts.

11.    Jurisdiction is conferred upon this Court pursuant to 28 U. S. Code, 1332,

by diversity of citizenship of the parties, and the amount in controversy being in excess of

$75,000.00.

12.    On or about July 8, 2002, Barbara A. Jones was duly licensed to operate

motor vehicles, having been issued the following license: Florida License #:

J520061646360.

13.    On or about July 8, 2002, Barbara A. Jones was the owner of a 2001 BMW

station wagon bearing the following registration: Florida Registration #:

SAS9876094MM [hereinafter "Jones vehicle"].

14.    On or about July 8, 2002, N. Patel, was the owner of a 1998 Infiniti SUV

bearing the following registration: Massachusetts Registration #: ROSHNI [hereinafter

"Patel vehicle"].

15.    On or about July 8, 2002, A. Patel was the duly authorized operator of the

Patel vehicle.

16.    On or about July 8, 2002, at approximately 1:50 p.m., on Depot Street, at or

near its intersection with Cross Street, Easton, Bristol County, Massachusetts, the Patel

vehicle collided with the Jones vehicle [hereinafter the "COLLISION"].

17.    On July 8, 2002, at the time of the COLLISION, A. Patel was in the course
of his employment with, and/or on the business of, R. Patel, NEHA, Shankar, and/or
Highland.

18.    A. Patel admitted, under oath, to the Taunton District Court that he was
operating the Patel vehicle, negligently, so as to endanger the lives and safety of the
public, at the time of the COLLISION.

### COUNT I
(Barbara A. Jones v. A. Patel)

19.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations
contained in Paragraphs 1 through 18, inclusive, as though set forth herein in their
entirety.

20.    As a direct and proximate result of the negligence of the defendant A. Patel,
in his operation, maintenance and/or control of the Patel vehicle, as described above, the
plaintiff, Barbara A. Jones sustained severe, disabling, and permanent injuries, when the
Patel vehicle crossed the centerline of the roadway, entered into the Jones vehicle's travel
lane, and struck the Jones vehicle head-on in the travel lane of the Jones vehicle.

21.    The operation of the Patel vehicle by A. Patel at the time of the
COLLISION, was with the permission and/or authority of N. Patel.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands judgment against the defendant, A. Patel, in an amount which is fair and equitable, as well as such other relief as this Court deems just and proper.

## COUNT II
(Barbara A. Jones v. N. Patel)

22.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations contained in Paragraphs 1 through 18, inclusive, as though set forth herein in their entirety.

23.    As a direct and proximate result of the negligence of the defendant N. Patel, in his, or an agent, servant, employee, or someone for who's conduct said defendant was legally responsible, operation, maintenance and/or control of the Patel vehicle as described above, the plaintiff, Barbara A. Jones, sustained severe, disabling, and permanent injuries, when the Patel vehicle crossed the centerline of the roadway, entered into the Jones vehicle's travel lane, and struck the Jones vehicle head-on in the travel lane of the Jones vehicle.

24.    At the time of the COLLISION, the Patel vehicle was then being operated by and under the control of A. Patel, for whose conduct the defendant, N. Patel, was prima facie legally responsible, in accordance with M.G.L. c. 231, § 85A.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, N. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT III
(Barbara A. Jones v. R. Patel)

25.     The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 18, inclusive, as though set forth herein in their

entirety.

26.     As a direct and proximate result of the negligence of the defendant R.

Patel's agent, servant, employee, or someone for who's conduct said defendant was

legally responsible at the time of the COLLISION, in the operation, maintenance and/or

control of the Patel vehicle as described above, the plaintiff, Barbara A. Jones, sustained

severe, disabling, and permanent injuries, when the Patel vehicle crossed the centerline of

the roadway, entered into the Jones vehicle's travel lane, and struck the Jones vehicle

head-on in the travel lane of the Jones vehicle.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, R. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT IV
(Barbara A. Jones v. NEHA)

27.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 18, inclusive, as though set forth herein in their

entirety.

28.    As a direct and proximate result of the negligence of the defendant NEHA's

agent, servant, employee, or someone for who's conduct said defendant was legally

responsible at the time of the COLLISION, in the operation, maintenance and/or control

of the Patel vehicle as described above, the plaintiff, Barbara A. Jones, sustained severe,

disabling, and permanent injuries, when the Patel vehicle crossed the centerline of the

roadway, entered into the Jones vehicle's travel lane, and struck the Jones vehicle head-

on in the travel lane of the Jones vehicle.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, NEHA, in an amount which is fair and equitable, as well

as such other relief as this Court deems just and proper.

## COUNT V
(Barbara A. Jones v. Shankar)

29.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 18, inclusive, as though set forth herein in their

entirety.

30.    As a direct and proximate result of the negligence of the defendant

Shankar's agent, servant, employee, or someone for who's conduct said defendant was

legally responsible at the time of the COLLISION, in the operation, maintenance and/or

control of the Patel vehicle as described above, the plaintiff, Barbara A. Jones, sustained

severe, disabling, and permanent injuries, when the Patel vehicle crossed the centerline of

the roadway, entered into the Jones vehicle's travel lane, and struck the Jones vehicle

head-on in the travel lane of the Jones vehicle.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, Shankar, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT VI
(Barbara A. Jones v. Highland)

31.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 18, inclusive, as though set forth herein in their

entirety.

32.    As a direct and proximate result of the negligence of the defendant

Highland's agent, servant, employee, or someone for who's conduct said defendant was

legally responsible at the time of the COLLISION, in the operation, maintenance and/or

control of the Patel vehicle as described above, the plaintiff, Barbara A. Jones, sustained

severe, disabling, and permanent injuries, when the Patel vehicle crossed the centerline of

the roadway, entered into the Jones vehicle's travel lane, and struck the Jones vehicle

head-on in the travel lane of the Jones vehicle.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, Highland, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT VII
(Robert M. Jones v. A. Patel - Consortium)

33.    The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 32, inclusive, as though set forth herein in their

entirety.

34.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant A. Patel, the plaintiff, Robert M. Jones, suffered, continues to suffer, and will

suffer, loss of consortium damages with respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, A. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT VIII
(Robert M. Jones v. N. Patel - Consortium)

35.    The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 32, inclusive, as though set forth herein in their

entirety.

36.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant N. Patel and/or his agent, servant, and/or employee, and/or someone for whom

said defendant was legally responsible at the time of the COLLISION, the plaintiff,

Robert M. Jones, suffered, continues to suffer, and will suffer, loss of consortium

damages with respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, A. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT IX
(Robert M. Jones v. R. Patel - Consortium)

37.    The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 32, inclusive, as though set forth herein in their

entirety.

38.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant R. Patel's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Robert M.

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, R. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT X
(Robert M. Jones v. NEHA - Consortium)

39.    The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 32, inclusive, as though set forth herein in their

entirety.

40.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant R. Patel's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Robert M.

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, NEHA, in an amount which is fair and equitable, as well

as such other relief as this Court deems just and proper.

### COUNT XI
(Robert M. Jones v. Shankar - Consortium)

41.    The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 32, inclusive, as though set forth herein in their

entirety.

42.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant Shankar's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Robert M.

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his wife.

**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**     USDC Mass Civil #.:05-
Complaint and Jury Claim                                                    Page 13

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, Shankar, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT XII
(Robert M. Jones v. Highland - Consortium)

43.     The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 32, inclusive, as though set forth herein in their

entirety.

44.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant Highland's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Robert M.

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, Highland, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XIII
(Molly Jones v. A. Patel - Consortium)

45.    The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

46.    As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant A. Patel, the plaintiff, Molly Jones, suffered, continues to suffer, and will

suffer, loss of consortium damages with respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands

judgment against the defendant, A. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XIV
(Molly Jones v. N. Patel - Consortium)

47.    The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

48.    As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of N.

Patel and/or his agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands judgment against the defendant, A. Patel, in an amount which is fair and equitable, as well as such other relief as this Court deems just and proper.

## COUNT XV
(Molly Jones v. R. Patel - Consortium)

49.    The plaintiff, Molly Jones, repeats and reavers the allegations contained in Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

50.    As a direct and proximate result of the severe, permanent, and disabling injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the defendant R. Patel's agent, servant, and/or employee, and/or someone for whom said defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands judgment against the defendant, R. Patel, in an amount which is fair and equitable, as well as such other relief as this Court deems just and proper.

## COUNT XVI
(Molly Jones v. NEHA - Consortium)

51.     The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

52.     As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant NEHA's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands

judgment against the defendant, NEHA, in an amount which is fair and equitable, as well

as such other relief as this Court deems just and proper.

## COUNT XVII
(Molly Jones v. Shankar - Consortium)

53.     The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

54.     As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant Shankar's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands

judgment against the defendant, Shankar, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XVIII
(Molly Jones v. Highland - Consortium)

55.     The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

56.     As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant Highland's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands

judgment against the defendant, Highland, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XIX
(Steven Jones v. A. Patel - Consortium)

57.     The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

58.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant A. Patel, the plaintiff, Steven Jones, suffered, continues to suffer, and will

suffer, loss of consortium damages with respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, A. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XX
(Steven Jones v. N. Patel - Consortium)

59.     The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

60.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant N. Patel and/or his agent, servant, and/or employee, and/or someone for whom

said defendant was legally responsible at the time of the COLLISION, the plaintiff,

Steven Jones, suffered, continues to suffer, and will suffer, loss of consortium damages

with respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, A. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XXI
(Steven Jones v. R. Patel - Consortium)

61.     The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

62.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant R. Patel's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Steven

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, R. Patel, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XXII
(Steven Jones v. NEHA - Consortium)

63.   The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

64.   As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant NEHA's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Steven

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, NEHA, in an amount which is fair and equitable, as well

as such other relief as this Court deems just and proper.

## COUNT XXIII
(Steven Jones v. Shankar - Consortium)

65.   The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

66.   As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant Shankar's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Steven

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, Shankar, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT XXIV
(Steven Jones v. Highland - Consortium)

67.     The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 32, inclusive, as though set forth herein in their entirety.

68.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant Highland's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Steven

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, Highland, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

<u>**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**</u>　　**USDC Mass Civil #.:05-**
Complaint and Jury Claim　　　　　　　　　　　　　　　　　　Page　22

## THE PLAINTIFFS CLAIM AND DEMAND
## A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

By Plaintiff Attorneys,

Robert A. Koditek
**KODITEK LAW FIRM**
21 McGrath Highway
Suite 404
Quincy, MA 02169
(617) 328-3800

DATED:  July 5, 2005

C:\DOCS\LEGAL FILES\KODITEK LAW\2095 - Barbara Jones V. Patel, Et Al\Pleadings - US Dist Ct MA\Complaint & Jury Claim.USDC.Doc

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)___ Barbara A. Jones, et al v Ashiskuman S. Patel, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, 535, 823, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☒XX  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   none in this Court

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES ☐      NO ☒X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
                                                                    YES ☐      NO ☒X
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES ☐      NO ☒X

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES ☐      NO ☒X

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES ☒X     NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒XX          Central Division ☐          Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                                    YES ☐      NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Robert A. Koditek   KODITEK LAW FIRM
ADDRESS   21 Mayor McGrath Highway, Suite 404, Quincy, MA  02169-5351
TELEPHONE NO.   617-328-3800

(CategoryForm.wpd  - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Barbara A. Jones, Robert M. Jones, Molly Jones, ppa

Steven Jones, ppa

## DEFENDANTS
Ashiskumar S. Patel, Niteshkumar K. Patel, Ramanbhati K. Patel, NEHA Corp, Shankar Corp, Highland Convenience

**(b)** County of Residence of First Listed Plaintiff    Hernando, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Bristol, MA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KODITER LAW FIRM 617-328-3800
21 Mayor McGrath Hgwy Suite 404 Quincy MA 02169

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
motor vehicle accident involving serious and permanent injuries

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** fair & equitable amt

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE   July 5, 2005

SIGNATURE OF ATTORNEY OF RECORD
Robert A. Koditek

## FOR OFFICE USE ONLY

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___