UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

Civil No.: 05-11411-RWZ

|  |  |
|---|---|
| BARBARA A. JONES,<br>ROBERT M. JONES,<br>MOLLY JONES, ppa, and<br>STEVEN JONES, ppa,<br><br>    Plaintiffs,<br><br>vs.<br><br>ASHISKUMAR S. PATEL,<br>NITESHKUMAR K. PATEL,<br>RAMANBAJTI K. PATEL,<br>NEHA CORP.,<br>  d/b/a Quick Stop,<br>SHANKAR CORPORATION,<br>  d/b/a Dime Redemption Center, and<br>HIGHLAND VARIETY<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION TO AMEND COMPLAINT
## AS A MATTER OF COURSE

**NOW** come the plaintiffs, in the above-entitled matter, and respectfully move this

Honorable Court, to amend the Complaint And Jury Claim previously filed in this matter,

as a Matter of Course, pursuant to Fed.R.Civ.P. Rule 15, by substituting AJAY Variety

Corp., d/b/a Highland Variety and/or Convenience, for the named defendant, "Highland

Variety", and adding Dashrathbhai P. Patel as a party defendant. The plaintiff also seeks

**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**     **USDC Mass Civil #.:05-11411-RWZ**
Motion To Amended Complaint
As A Matter Of Course     Page 2

to correct some typographical errors, as well as further define the claims of Piercing the

Corporate Veil against Ramanbajti K. Patel.

In support hereof, this Motion the plaintiffs state:

1.    It was discovered through the Town of Easton, that Highland Variety is actually doing business under a corporate name, AJAY Variety Corp.

2.    This information was not previously available in the records of the Town of Easton.

3.    The only disclosed officer/principal of AJAY Variety Corp., is an individual Dashrathbhai P. Patel.

4.    The plaintiff's claims also involve Piercing the Corporate Veils of corporations and/or businesses owned by the defendants, Ramanbajti K. Patel and Dashrathbhai P. Patel.

5.    The plaintiffs are alleging the driver of the vehicle that struck plaintiff, Barbara Jones' vehicle (Ashiskumar S. Patel), was working for one or both of the above defendants and/or their businesses at the time of the accident.

6.    The owner of the vehicle being driven by Ashiskumar S. Patel at the time of the accident (Niteshkumar K. Patel), was working at NEHA Corp., d/b/a Quick Stop, in Norton, MA, but supposedly was an employee of Shankar Corporation d/b/a Dime Redemption Center, in Lynn MA.  Both of these businesses are owned by Ramanbajti K. Patel.

**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**        **USDC Mass Civil #.:05-11411-RWZ**
Motion To Amended Complaint
As A Matter Of Course                                                                              Page 3

**WHEREFORE**, the plaintiffs' request that the Complaint previously filed in this

action be amended as requested, that the plaintiffs' First Amended Complaint And Jury

Claim be approved for filing, that the Summons and Return of Service as to Highland

Variety be amended "AJAY Variety Corp. d/b/a Highland Variety", and that this Court

issue such Orders of Notice for service of process of the Amended Complaint as it deems

appropriate, as well as such other Orders as this Court deems just and proper.

By Plaintiffs' Attorneys,

Robert A. Koditek
**KODITEK LAW FIRM**
160 Old Derby Street
Suite 225
Hingham, MA 02043
(617) 328-3800

DATED: October 29, 2005

C:\DOCS\LEGAL FILES\KODITEK LAW\2095 - Barbara Jones V. Patel, Et Al\Pleadings - US Dist Ct MA\Amend Complaint.Motion.Doc

UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

Civil No.: 05-11411-RWZ

|  |  |
|---|---|
| BARBARA A. JONES,<br>ROBERT M. JONES,<br>MOLLY JONES, ppa, and<br>STEVEN JONES, ppa,<br><br>       Plaintiffs,<br><br>vs.<br><br>ASHISKUMAR S. PATEL,<br>NITESHKUMAR K. PATEL,<br>RAMANBAJTI K. PATEL,<br>NEHA CORP.,<br>  d/b/a Quick Stop,<br>SHANKAR CORPORATION,<br>  d/b/a Dime Redemption Center,<br>DASHRATHBHAI P. PATEL,<br>AJAY VARIETY CORP,<br>  d/b/a Highland Variety and/or Convenience.<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT AND JURY CLAIM**

**IDENTIFICATION OF PARTIES**
(Applicable to all Counts)

1.    The plaintiff, Barbara A. Jones, is an individual residing in Brooksville,

Florida.

2.    The plaintiff, Robert M. Jones, is an individual residing in Brooksville,

Florida, and at all times referred herein was, and is, the spouse of the plaintiff, Barbara A.

Jones, and at all times referred herein was, and is, the parent and next friend of Molly

Jones, and Steven Jones.

3.    The plaintiff, Molly Jones, is an individual and a minor, residing in

Brooksville, Florida, is the daughter of the plaintiff, Barbara A. Jones, and brings this

action through her parent and next friend, Robert M. Jones.

4.    The plaintiff, Steven Jones, is an individual, and a minor, residing in

Brooksville, Florida, is the son of the plaintiff, Barbara A. Jones, and brings this action

through his parent and next friend, Robert M. Jones.

5.    The defendant, Ashiskumar S. Patel [hereinafter "A. PATEL"], is an

individual residing in South Easton, Massachusetts.

6.    The defendant, Niteshkumar K. Patel [hereinafter "N. PATEL"], is an

individual residing in Woburn, Massachusetts.

7.    The defendant, Ramanbajti K. Patel [hereinafter "R. PATEL"], is an

individual residing in Westboro, Massachusetts.

8.    The defendant, NEHA Corp. [hereinafter "NEHA"], is a corporation duly

organized by law, and doing business as Quick Stop, with a usual place of business in

Norton, Massachusetts.

9.    The defendant, Shankar Corporation [hereinafter "SHANKAR"], is a

corporation duly organized by law, and doing business as Dime Redemption Center, with

a usual place of business in Lynn, Massachusetts.

10.     The defendant, Dashrathbhai P. Patel [hereinafter "D. PATEL"], is an individual residing in Easton, Massachusetts.

11.     The defendant, AJAY Variety Corp., is a corporation duly organized by law, and doing business as Highland Variety and/or Convenience [hereinafter "HIGHLAND"], with a usual place of business in South Easton, Massachusetts.

12.     Jurisdiction is conferred upon this Court pursuant to 28 U. S. Code, 1332, by diversity of citizenship of the parties, and the amount in controversy being in excess of $75,000.00.

13.     On or about July 8, 2002, Barbara A. Jones was duly licensed to operate motor vehicles, having been issued the following license: Florida License #: J520061646360.

14.     On or about July 8, 2002, Barbara A. Jones was the owner of a 2001 BMW station wagon bearing the following registration: Florida Registration #: SAS9876094MM [hereinafter "JONES VEHICLE"].

15.     On or about July 8, 2002, N. PATEL, was the owner of a 1998 Infiniti SUV bearing the following registration: Massachusetts Registration #: ROSHNI [hereinafter "PATEL VEHICLE"].

16.     On or about July 8, 2002, A. PATEL was the duly authorized operator of the PATEL VEHICLE.

17.    On or about July 8, 2002, at approximately 1:50 p.m., on Depot Street, at or

near its intersection with Cross Street, Easton, Bristol County, Massachusetts, the PATEL

VEHICLE crossed the centerline of the roadway, entered into the JONES VEHICLE's

travel lane, and struck the JONES VEHICLE head-on in the travel lane of the JONES

VEHICLE [hereinafter the "COLLISION"].

18.    On July 8, 2002, at the time of the COLLISION, A. PATEL and N. PATEL

were in the course of his employment with, and/or on the business of, R. PATEL, NEHA,

SHANKAR, D. PATEL, and/or HIGHLAND.

19.    A. PATEL admitted, under oath, to the Taunton District Court that he was

operating the PATEL VEHICLE, negligently, so as to endanger the lives and safety of

the public, at the time of the COLLISION.

## COUNT I
(Barbara A. Jones v. A. PATEL)

20.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 19, inclusive, as though set forth herein in their

entirety.

21.    As a direct and proximate result of the negligence of the defendant A.

PATEL, in his operation, maintenance and/or control of the PATEL VEHICLE, as

described above, the plaintiff, Barbara A. Jones sustained severe, disabling, and

permanent injuries.

22.    The operation of the PATEL VEHICLE by A. PATEL at the time of the

COLLISION, was with the permission and/or authority of N. PATEL.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, A. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT II
(Barbara A. Jones v. N. PATEL)

23.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 19, inclusive, as though set forth herein in their

entirety.

24.    As a direct and proximate result of the negligence of the defendant N.

PATEL, in his, or an agent, servant, employee, or someone for who's conduct said

defendant was legally responsible, operation, maintenance and/or control of the PATEL

VEHICLE as described above, the plaintiff, Barbara A. Jones, sustained severe,

disabling, and permanent injuries.

25.    At the time of the COLLISION, the PATEL VEHICLE was then being

operated by and under the control of A. PATEL, for whose conduct the defendant, N.

PATEL, was prima facie legally responsible, in accordance with M.G.L. c. 231, § 85A.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, N. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT III
(Barbara A. Jones v. R. PATEL)

26.     The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 19, inclusive, as though set forth herein in their

entirety.

27.     Furthermore, upon information and belief, the defendant, R. PATEL, is the

principle of NEHA, and that upon information and belief, NEHA has failed to observe all

required formalities for treatment as a separate legal entity, apart from its alter ego, Quick

Stop and/or R. PATEL, such that R. PATEL is liable, jointly and severally, for all claims,

judgments, and damages for which NEHA and/or Quick Stop is responsible.

28.     Furthermore, upon information and belief, the defendant, R. PATEL, is the

principle of SHANKAR, and that upon information and belief, SHANKAR has failed to

observe all required formalities for treatment as a separate legal entity, apart from its alter

ego, Dime Redemption Center and/or R. PATEL, such that R. PATEL is liable, jointly

and severally, for all claims, judgments, and damages for which SHANKAR and/or Dime

Redemption Center is responsible.

29.     As a direct and proximate result of the negligence of the defendant R.

PATEL's agent, servant, employee, or someone for who's conduct said defendant was

legally responsible at the time of the COLLISION, in the operation, maintenance and/or

control of the PATEL VEHICLE as described above, the plaintiff, Barbara A. Jones,

sustained severe, disabling, and permanent injuries.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, R. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT IV
(Barbara A. Jones v. NEHA)

30.     The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 19, inclusive, as though set forth herein in their

entirety.

31.     As a direct and proximate result of the negligence of the defendant NEHA's

agent, servant, employee, or someone for who's conduct said defendant was legally

responsible at the time of the COLLISION, in the operation, maintenance and/or control

of the PATEL VEHICLE as described above, the plaintiff, Barbara A. Jones, sustained

severe, disabling, and permanent injuries.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, NEHA, in an amount which is fair and equitable, as well

as such other relief as this Court deems just and proper.

## COUNT V
(Barbara A. Jones v. SHANKAR)

32.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 19, inclusive, as though set forth herein in their

entirety.

33.    As a direct and proximate result of the negligence of the defendant

SHANKAR's agent, servant, employee, or someone for who's conduct said defendant

was legally responsible at the time of the COLLISION, in the operation, maintenance

and/or control of the PATEL VEHICLE as described above, the plaintiff, Barbara A.

Jones, sustained severe, disabling, and permanent injuries.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, SHANKAR, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT VI
(Barbara A. Jones v. D. PATEL)

34.    The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 19, inclusive, as though set forth herein in their

entirety.

35.     Furthermore, upon information and belief, the defendant, D. PATEL, is the

principle of HIGHLAND, and that upon information and belief, HIGHLAND has failed

to observe all required formalities for treatment as a separate legal entity, apart from its

alter ego, HIGHLAND Variety and/or Convenience and/or D. PATEL, such that D.

PATEL is liable, jointly and severally, for all claims, judgments, and damages for which

HIGHLAND and/or Highland Variety and/or Convenience is responsible.

36.     As a direct and proximate result of the negligence of the defendant D.

PATEL's agent, servant, employee, or someone for who's conduct said defendant was

legally responsible at the time of the COLLISION, in the operation, maintenance and/or

control of the PATEL VEHICLE as described above, the plaintiff, Barbara A. Jones,

sustained severe, disabling, and permanent injuries.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, D. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT VII
(Barbara A. Jones v. HIGHLAND)

37.     The plaintiff, Barbara A. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 19, inclusive, as though set forth herein in their

entirety.

38.    As a direct and proximate result of the negligence of the defendant,

HIGHLAND's agent, servant, employee, or someone for who's conduct said defendant

was legally responsible at the time of the COLLISION, in the operation, maintenance

and/or control of the PATEL VEHICLE as described above, the plaintiff, Barbara A.

Jones, sustained severe, disabling, and permanent injuries.

WHEREFORE, the plaintiff, Barbara A. Jones, claims damages, and demands

judgment against the defendant, HIGHLAND, in an amount which is fair and equitable,

as well as such other relief as this Court deems just and proper.

## COUNT VIII
(Robert M. Jones v. A. PATEL - Consortium)

39.    The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their

entirety.

40.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant A. PATEL, the plaintiff, Robert M. Jones, suffered, continues to suffer, and

will suffer, loss of consortium damages with respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, A. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT IX
(Robert M. Jones v. N. PATEL - Consortium)

41.    The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their

entirety.

42.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant N. PATEL and/or his agent, servant, and/or employee, and/or someone for

whom said defendant was legally responsible at the time of the COLLISION, the

plaintiff, Robert M. Jones, suffered, continues to suffer, and will suffer, loss of

consortium damages with respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, N. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT X
(Robert M. Jones v. R. PATEL - Consortium)

43.    The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their

entirety.

44.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant R. PATEL's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Robert M.

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, R. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XI
(Robert M. Jones v. NEHA - Consortium)

45.     The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their

entirety.

46.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant R. PATEL's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Robert M.

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, NEHA, in an amount which is fair and equitable, as well

as such other relief as this Court deems just and proper.

## COUNT XII
(Robert M. Jones v. SHANKAR - Consortium)

47.     The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their

entirety.

48.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant SHANKAR's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Robert M.

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, SHANKAR, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT XIII
(Robert M. Jones v. D. PATEL - Consortium)

49.     The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their

entirety.

50.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant D. PATEL's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Robert M.

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, D. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT XIV
(Robert M. Jones v. HIGHLAND - Consortium)

51.     The plaintiff, Robert M. Jones, repeats and reavers the allegations

contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their

entirety.

52.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his wife, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant HIGHLAND's agent, servant, and/or employee, and/or someone for whom

said defendant was legally responsible at the time of the COLLISION, the plaintiff,

Robert M. Jones, suffered, continues to suffer, and will suffer, loss of consortium

damages with respect to his wife.

WHEREFORE, the plaintiff, Robert M. Jones, claims damages, and demands

judgment against the defendant, HIGHLAND, in an amount which is fair and equitable,

as well as such other relief as this Court deems just and proper.

## COUNT XV
(Molly Jones v. A. PATEL - Consortium)

53. The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

54. As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant A. PATEL, the plaintiff, Molly Jones, suffered, continues to suffer, and will

suffer, loss of consortium damages with respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands

judgment against the defendant, A. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT XVI
(Molly Jones v. N. PATEL - Consortium)

55.     The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

56.     As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of N.

PATEL and/or his agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands

judgment against the defendant, N. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT XVII
(Molly Jones v. R. PATEL - Consortium)

57.     The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

58.     As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant R. PATEL's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands judgment against the defendant, R. PATEL, in an amount which is fair and equitable, as well as such other relief as this Court deems just and proper.

## COUNT XVIII
(Molly Jones v. NEHA - Consortium)

59.     The plaintiff, Molly Jones, repeats and reavers the allegations contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

60.     As a direct and proximate result of the severe, permanent, and disabling injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the defendant NEHA's agent, servant, and/or employee, and/or someone for whom said defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands judgment against the defendant, NEHA, in an amount which is fair and equitable, as well as such other relief as this Court deems just and proper.

## COUNT XIX
(Molly Jones v. SHANKAR - Consortium)

61.     The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

62.     As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant SHANKAR's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands

judgment against the defendant, SHANKAR, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XX
(Molly Jones v. D. PATEL - Consortium)

63.     The plaintiff, Molly Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

64.     As a direct and proximate result of the severe, permanent, and disabling

injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant D. PATEL's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands judgment against the defendant, D. PATEL, in an amount which is fair and equitable, as well as such other relief as this Court deems just and proper.

## COUNT XXI
(Molly Jones v. HIGHLAND - Consortium)

65.    The plaintiff, Molly Jones, repeats and reavers the allegations contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

66.    As a direct and proximate result of the severe, permanent, and disabling injuries to her mother, Barbara A. Jones, as aforesaid, caused by the negligence of the defendant HIGHLAND's agent, servant, and/or employee, and/or someone for whom said defendant was legally responsible at the time of the COLLISION, the plaintiff, Molly Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with respect to her mother.

WHEREFORE, the plaintiff, Molly Jones, claims damages, and demands judgment against the defendant, HIGHLAND, in an amount which is fair and equitable, as well as such other relief as this Court deems just and proper.

## COUNT XXII
(Steven Jones v. A. PATEL - Consortium)

67.    The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

68.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant A. PATEL, the plaintiff, Steven Jones, suffered, continues to suffer, and will

suffer, loss of consortium damages with respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, A. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XXIII
(Steven Jones v. N. PATEL - Consortium)

69.    The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

70.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant N. PATEL and/or his agent, servant, and/or employee, and/or someone for

whom said defendant was legally responsible at the time of the COLLISION, the

plaintiff, Steven Jones, suffered, continues to suffer, and will suffer, loss of consortium

damages with respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, N. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XXIV
(Steven Jones v. R. PATEL - Consortium)

71.     The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

72.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant R. PATEL's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Steven

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, R. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

## COUNT XXV
(Steven Jones v. NEHA - Consortium)

73.     The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

74.   As a direct and proximate result of the severe, permanent, and disabling injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the defendant NEHA's agent, servant, and/or employee, and/or someone for whom said defendant was legally responsible at the time of the COLLISION, the plaintiff, Steven Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands judgment against the defendant, NEHA, in an amount which is fair and equitable, as well as such other relief as this Court deems just and proper.

### COUNT XXVI
(Steven Jones v. SHANKAR - Consortium)

75.   The plaintiff, Steven Jones, repeats and reavers the allegations contained in Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

76.   As a direct and proximate result of the severe, permanent, and disabling injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the defendant SHANKAR's agent, servant, and/or employee, and/or someone for whom said defendant was legally responsible at the time of the COLLISION, the plaintiff, Steven Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, SHANKAR, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT XXVII
(Steven Jones v. D. PATEL - Consortium)

77.     The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

78.     As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant D. PATEL's agent, servant, and/or employee, and/or someone for whom said

defendant was legally responsible at the time of the COLLISION, the plaintiff, Steven

Jones, suffered, continues to suffer, and will suffer, loss of consortium damages with

respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, D. PATEL, in an amount which is fair and equitable, as

well as such other relief as this Court deems just and proper.

### COUNT XXVIII
(Steven Jones v. HIGHLAND - Consortium)

79.     The plaintiff, Steven Jones, repeats and reavers the allegations contained in

Paragraphs 1 through 38, inclusive, as though set forth herein in their entirety.

80.    As a direct and proximate result of the severe, permanent, and disabling

injuries to his mother, Barbara A. Jones, as aforesaid, caused by the negligence of the

defendant HIGHLAND's agent, servant, and/or employee, and/or someone for whom

said defendant was legally responsible at the time of the COLLISION, the plaintiff,

Steven Jones, suffered, continues to suffer, and will suffer, loss of consortium damages

with respect to his mother.

WHEREFORE, the plaintiff, Steven Jones, claims damages, and demands

judgment against the defendant, HIGHLAND, in an amount which is fair and equitable,

as well as such other relief as this Court deems just and proper.

## THE PLAINTIFFS CLAIM AND DEMAND
## A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

By Plaintiffs' Attorneys,

Robert A. Koditek
**KODITEK LAW FIRM**
160 Old Derby Street
Suite 225
Hingham, MA 02043
(617) 328-3800

DATED: October 29, 2005

C:\DOCS\LEGAL FILES\KODITEK LAW\2095 - Barbara Jones V. Patel, Et Al\Pleadings - US Dist Ct MA\Amended.Complaint & Jury Claim.USDC.1.Doc

UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

Civil No.: 05-11411-RWZ

|  |  |
|---|---|
| BARBARA A. JONES,<br>ROBERT M. JONES,<br>MOLLY JONES, ppa, and<br>STEVEN JONES, ppa,<br><br>       Plaintiffs,<br><br>vs.<br><br>ASHISKUMAR S. PATEL,<br>NITESHKUMAR K. PATEL,<br>RAMANBAJTI K. PATEL,<br>NEHA CORP.,<br>  d/b/a Quick Stop,<br>SHANKAR CORPORATION,<br>  d/b/a Dime Redemption Center, and<br>HIGHLAND VARIETY.<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF CHANGE OF ADDRESS

## TO THE CLERK OF THE ABOVE COURT:

Robert A. Koditek, Esquire, attorney for the plaintiffs in the above-entitled action,

hereby Notices a Change of Address, effective November 1, 2005, as follows:

> Robert A. Koditek
> **KODITEK LAW FIRM**
> 160 Old Derby Street
> Suite 225
> Hingham, MA 02043
> Phone: (617) 328-3800
> Fax:   (617) 479-2780

By Their Attorneys,
**KODITEK LAW FIRM**

Robert A. Koditek
21 McGrath Highway
Suite 404
Quincy, MA 02169-5311
(617) 328-3800
BBO No.: 276400

DATED: October 29, 2005

C:\DOCS\LEGAL FILES\KODITEK LAW\2095 - Barbara Jones V. Patel, Et Al\Pleadings - US Dist Ct MA\Change Address.Notice.Doc