UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

Civil Action No: 05-11411-RWZ

| | |
|---|---|
| BARBARA A. JONES, | ) |
| ROBERT M. JONES, | ) |
| MOLLY JONES, ppa, and | ) |
| STEVEN JONES, ppa, | ) |
| PLAINTIFFS | ) |
| | ) |
| VS. | ) |
| | ) |
| ASHISKUMAR S. PATEL, | ) |
| NITESHKUMAR K. PATEL, | ) |
| RAMANBHATI K. PATEL, | ) |
| NEHA CORP., d/b/a QUICK | ) |
| STOP, SHANKAR | ) |
| CORPORATION, d/b/a | ) |
| DIME REDEMPTION CENTER, | ) |
| AND HIGHLAND CONVENIENCE, | ) |
| DEFENDANTS | ) |

**DEFENDANTS', RAMANBHATI K. PATEL, NEHA CORP., D/BA QUICK STOP, SHANKAR CORP., DIME REDEMPTION CENTER AND HIGHLAND CONVENIENCE, MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

I.   INTRODUCTION

The defendants, Ramanbhati K. Patel, NEHA Corp., d/b/a Quick Stop, Shankar Corp., d/b/a Dime Redemption Center and Highland Convenience, move to dismiss the plaintiffs' complaint on the ground that there is a prior pending state action arising of the same occurrence and, therefore, in the interests of judicial economy the court should decline to exercise jurisdiction over this matter, as the state action has been scheduled for trial on January 6, 2006.  The defendants' further move to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted with regard to all

claims asserted against them.

## II.   FACTS

This action arises out of a motor vehicle accident that occurred on July 8, 2002. The plaintiffs allege that at the time of the accident, a vehicle being operated by Ashiskumar Patel collided with a vehicle being operated by the plaintiff, Barbara A. Jones, thereby causing personal injury to the plaintiff. The vehicle being operated by Ashiskumar Patel was owned by Niteshkumar K. Patel.  Subsequently, on February 26, 2003, the plaintiffs filed a lawsuit in the Massachusetts Superior Court, in which they allege negligence and loss of consortium claims against the various defendants.  The plaintiffs further allege that Ashiskumar Patel was in the course of his employment with Ramanbhati Patel, NEHA Corp., Shankar Corp. and/or Highland Corp at the time of the accident.  A pre-trial conference was held in the state matter on May 9, 2005, and a trial date was set for January 6, 2006.  On June 30, 2005, Ramanbhati K. Patel was deposed in connection with the prior pending state action.

On July 6, 2005, the plaintiffs filed an action in this Court seeking similar relief as in the state court action.  The defendants received service of process on November 1, 2005.  Accordingly, the defendant submits the following motion to dismiss.

## III. ARGUMENT

### A.   PENDENCY OF PRIOR STATE ACTION

In <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 47 L. Ed. 2d. 483, 96 S. Ct. 1236 (1976), the Supreme Court set forth several circumstances under which a federal district court might decline to exercise jurisdiction based on the pendency of a state action arising out of the same transaction. The <u>Colorado River</u>

approach was premised upon "consideration of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817.  The Court set forth four factors to consider: (1) whether property is involved in the litigation; (2) the inconvenience of the federal forum; (3) the desirability of stopping piecemeal litigation; and (4) the order in which jurisdiction was obtained by the courts. Id. at 813.  In Moses H. Cone v. Mercury Construction Corp., 460 U.S. 1, 74 L. Ed. 2d. 765, 103 S. Ct. 927 (1982), the Court added two more elements: (5) whether federal law or state law controls and (6) whether the state forum will adequately protect the interests of the parties.

In the present action, the state court proceeding (Jones, ppa Robert M. Jones, et al. v. Patel, et al, Docket # BRCV2003-00216) was filed in the Massachusetts Superior Court on February 26, 2003. Subsequently, a nearly identical complaint was filed in the federal court on July 6, 2005.  The state court obtained jurisdiction more than two years before the federal court.  The state court will adequately protect the interests of the parties.  There has been ample discovery completed with respect to the state court proceedings and a trial date has been set for January 6, 2006 in the Massachusetts Superior Court.  Additionally, state law will apply in the federal action, as there is no federal question.

This court should decline to exercise jurisdiction based on the pendency of the state action arising out of the same transaction.  In the interests of judicial economy, the state court proceedings will allow for a swifter and more comprehensive disposition of the litigation, as discovery has been completed and a trial date has been set for January 6, 2006 in the state action.  In an effort to avoid piecemeal litigation and conserve judicial

resources, this Court should decline to exercise jurisdiction.

**B.    FAILURE TO STATE A CLAIM**

Pursuant to Fed. R. Civ. P. 12(b)(6), the court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F. 2d 1, 3 (1st Cir. 1993).  The court, however, need not credit "bald assertions, unsupportable conclusions, or opprobrious epithets." Chongris v. Board of Appeals, 811 F. 2d 36, 37 (1st Cir. 1987).   Dismissal under is only appropriate if the complaint, so viewed, present no set of facts justifying recovery. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

Dismissal is appropriate in the present action because the plaintiffs' complaint presents no set of facts that justify recovery.  At the time of the accident, Ashiskumar Patel was operating a vehicle that was neither owned nor controlled by any of the defendants.  Additionally, the plaintiffs' complaint, as viewed, presents no facts that support the plaintiffs' allegations that Ashiskumar Patel was operating the vehicle in the course of his employment with Ramanbhati K. Patel, NEHA Corp., Shankar Corp. and/or Highland Convenience at the time of the accident.

The plaintiffs allege no set of facts, which justify recovery against the defendants. The Court need not credit the unsupported conclusions of the plaintiffs that the Ashiskumar Patel was acting within the scope of his employment at the time of accident. In their complaint, the plaintiffs' merely state that Ashiskumar Patel was operating a vehicle owned by Niteshkumar Patel and that he was "in the course of his employment with, and/or on the business of" the defendants.  The plaintiffs present no well-plead facts in support of their conclusion that Ashiskumar Patel had an employment relationship with

the defendants and that he was acting in the course of his employment at the time of the accident. In fact, the plaintiffs admit that Ashiskumar was operating a vehicle owned by Niteshkumar Patel. The plaintiffs do not allege that Niteshkumar Patel had any employment with the defendants either. Accordingly, the defendants' motion to dismiss should be allowed.

## V.     CONCLUSION

In the interests of conserving judicial resources, this court should decline to exercise jurisdiction based on the pendency of the prior state action arising out of the same transaction. Further, the plaintiffs' complaint present no set of well-pleaded facts that justify recovery against the defendants. The plaintiffs' allegations are conclusory and unsupported and, therefore, the plaintiffs' complaint should be dismissed as it fails to state of claim for which relief can be granted. The defendants respectfully request that their motion to dismiss be allowed.

DEFENDANTS

BY THEIR ATTORNEY:

/s/John P. Donohue_____
John P. Donohue, BBO#567008
Fuller, Rosenberg, Palmer
& Beliveau, LLP
340 Main Street, Suite 817
Worcester, MA 01608

Dated: November 7, 2005