UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11411-RWZ

BARBARA A. JONES,
ROBERT M. JONES,
MOLLY JONES, ppa and
STEPHEN JONES, ppa,

    Plaintiffs,

v.

ASHISKUMAR S. PATEL and
NITESHKUMAR K. PATEL,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION TO DISMISS OF THE DEFENDANTS,
ASHISKUMAR S. PATEL AND NITESHKUMAR K. PATEL**

**I.   INTRODUCTION**

The defendants, Ashiskumar S. Patel ("Andy Patel") and Niteshkumar K. Patel ("Nick Patel") (collectively, the "defendants"), move to dismiss the plaintiffs' complaint on the grounds that there is a prior pending action in the Massachusetts Superior Court for Bristol County (the "state court action") arising of the same occurrence, as well as a settlement pending in the state court action. Therefore, in the interests of wise judicial administration, this court should decline to exercise jurisdiction over this matter.

**II.   FACTS**

This case arises out of a motor vehicle accident that occurred on July 8, 2002, on Depot Street (Route 123), at or near its intersection with Cross Street in Easton, Massachusetts. The plaintiff, Barbara Jones, was operating a BMW station wagon and her daughter and co-plaintiff, Molly Jones was in the front passenger's seat. The plaintiffs' vehicle was traveling south on

Route 123. The accident occurred when the Infiniti owned by Nick Patel, and operated by Andy Patel, crossed over the double yellow line while traveling north on Route 123 and collided with the plaintiffs' vehicle. Barbara Jones and Molly Jones have brought claims for personal injuries. Loss of consortium claims have been brought by Robert Jones, Barbara's husband, and on behalf of her minor children, Molly and Stephen.

On February 26, 2003, the plaintiffs filed a lawsuit in the Massachusetts Superior Court for Bristol County (*Barbara Jones, et al. v. Ashiskumar S. Patel, et al.*, Civil Action No. BRCV2003-00216. the state court action proceeded through the discovery phase and a pre-trial conference was held in the state matter on May 9, 2005. At the pre-trial conference, a trial date was set for January 6, 2006.

On July 6, 2005, the plaintiffs filed the instant action in the United States District Court seeking identical relief against the defendants, Andy Patel and Nick Patel, as sought in the state court action. Defense counsel in the state court action was not given notice of the federal court action.

Prior to trial, on December 30, 2005 the Bristol County Superior Court (Moses, J.) held a hearing on the plaintiffs' emergency motion to continue trial. The plaintiffs sought to continue the state court trial in order to add additional defendants, already named as defendants in the federal court action. The court indicated it would deny the motion to amend and, while taking no action on the motion to continue, indicated the case would be left on the trial list for January 6, 2006. On January 4, 2006, the parties agreed to a settlement in the state court action. The case was reported settled to the court, and on January 5, 2006, the state court issued an Order for Entry of Dismissal Nisi. See Exhibit A, attached hereto.

The U.S. District Court clerk's office issued a summons in the instant litigation on January 9, 2006 to Niteshkumar K. Patel c/o Registrar of Motor Vehicles (Anne L. Collins).  <u>See</u> Exhibit B.  Although the summons is stamped with the date January 23, 2006, the return of service does not indicate whether the defendant, Nick Patel, was ever actually served the complaint.  Furthermore, there is no evidence that Andy Patel has received service in the U.S. District Court matter.

The settlement in the state court action is pending.  The defendants have filed a Motion to Enforce the Settlement with the Bristol County Superior Court on February 6, 2006.  That motion is scheduled for a hearing on February 22, 2006.

**III. ARGUMENT**

    **A.**    **Pendency of Prior State Action**

"A federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances; only the clearest of justifications will warrant dismissal."  *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 2, 103 S.Ct. 927, 929 (1983).  As set forth above, the procedural history and present status of the parallel state court action in this case presents the "exceptional circumstances" under which it is appropriate for the federal court to dismiss the plaintiffs' claims on the basis that a prior action is pending in state court.

The United States Supreme Court, relying on its earlier decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976), held that a federal district court, when deciding whether to dismiss an action on the grounds of "wise judicial administration," should balance the several important factors as applied to the subject case, with the balance "heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone Memorial*

*Hospital* at 2, 103 S.Ct. at 929. The factors to be considered are (1) which court first assumed jurisdiction over property assumed in the case, (2) inconvenience of the federal forum, (3) avoiding piecemeal litigation, and (4) the order in which the forums obtained jurisdiction. *Id.*

The state court proceeding, filed in the Massachusetts Superior Court on February 26, 2003, preceded the federal court complaint by more than two years. The federal court complaint, containing identical allegations against Andy Patel and Nick Patel, was filed on July 6, 2005, after a trial date was scheduled in the state court action. The state court obtained jurisdiction more than two years before the federal court.

"Priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Memorial Hospital* at 3, 103 S.Ct. at 930. Discovery is complete with respect to the state court proceedings and a trial date was set for January 6, 2006. The defendants were prepared to proceed with the trial on January 6th. On January 4th, the parties reached a settlement in the state court action and the matter was reported settled to the court. Bristol County Superior Court entered an order of dismissal nisi on January 5, 2006. In this case that the state court action has proceeded much further than the Federal Court action. It is more than two years older, discovery has been completed, and the parties were on the verge of trying the case when a settlement was reached. It is clear that based on the progress in the state court action, as well as the age of the respective actions, that priority rests with the state court action in this instance.

This court should decline to exercise jurisdiction based on the pendency of the state action arising out of the same transaction. To do so is in the interests of judicial economy, as the state court proceedings have progressed to the point of settlement, discovery is complete and the defendants were prepared to proceed wit the trial date set for January 6, 2006 in the state court

4

action. In an effort to avoid piecemeal litigation, conserve judicial resources and as state law will apply in the federal action because there is no federal question, this Court should decline to exercise jurisdiction and dismiss the plaintiffs claims against Andy Patel and Nick Patel.

## V. CONCLUSION

In the interests of wise judicial administration, this court should decline to exercise jurisdiction in this matter based on the pendency of the prior state action arising out of the same transaction. The defendants respectfully request that their motion to dismiss be allowed.

                                                Respectfully submitted,
                                                ASHISKUMAR S. PATEL and
                                                NITESHKUMAR K. PATEL,
                                                By their attorneys,

                                                /s/ Benjamin J. Whitney
                                                John A. Eklund, BBO 152395
                                                Benjamin J. Whitney, BBO 652492
                                                LYNCH & LYNCH
                                                45 Bristol Drive
                                                South Easton, MA  02375
                                                (508) 230-2500

Date:  February 8, 2006

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Benjamin J. Whitney, hereby certify that on the 8th day of February, 2006, pursuant to Local Rule 7.1(a)(2), correspondence was forwarded to counsel for the plaintiffs, Robert A. Koditek, Esq., Koditek Law Firm, 160 Old Derby Street, Suite 225, Hingham, MA  02043, attempting to resolve the issues set forth in the defendant's motion to dismiss.

                                                /s/ Benjamin J. Whitney

## CERTIFICATE OF SERVICE

I, Benjamin J. Whitney, hereby certify that on the 8th day of February, 2006, I caused a copy of the foregoing document to be served, via first class mail, postage prepaid, to the following:

Robert A. Koditek, Esq.  
Koditek Law Firm  
160 Old Derby Street  
Suite 225  
Hingham, MA  02043

Thomas W. Beliveau, Esq.  
FULLER, ROSENBERG, PALMER &  
BELIVEAU, LLP  
340 Main Street  
Worcester, MA  01608

/s/ Benjamin J. Whitney  
Benjamin J. Whitney

**Commonwealth of Massachusetts**
**County of Bristol**
**The Superior Court**

CIVIL DOCKET# **BRCV2003-00216**

RE:   **Jones, ppa Robert M. Jones et al v Patel et al**

TO: John A Eklund, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

### ORDER FOR ENTRY OF DISMISSAL NISI

The above entitled action came on before the Court, D. Lloyd MacDonald, Justice
and thereupon was **REPORTED SETTLED** to the Court by counsel of record.

Wherefore, it is **ORDERED** that an AGREEMENT FOR JUDGMENT or STIPULATION OF DISMISSAL, be filed in the Clerk's office by **02/04/2006**.
If said Agreement or Stipulation is not filed by said date the Clerk is hereby directed to prepare, sign and enter Judgment dismissing the Complaint, and all other claims, without prejudice and without costs.

Dated at Fall River, Massachusetts this 5th day of January, 2006

BY:

Marc J. Santos,
Clerk of the Courts

Mark A. Ferriera
Assistant Clerk

Telephone (508) 672-4464

cvdnisi_2.wpd 489443 nisi celeste

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     MASSACHUSETTS

Barbara A. Jones, et al,

         Plaintiffs,

v.

Ashiskumar S. Patel, et al,

         Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

## 05 11411 RWZ

TO: (Name and address of Defendant)

Niteshkumar K. Patel
c/o Registrar of Motor Vehicles (Anne L. Collins)
630 Washington Street
Boston, MA

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Robert A. Koditek
> **KODITEK LAW FIRM**
> 160 Old Derby Street
> Suite 225
> Hingham, MA 02043
> (617) 328-3800

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

JAN 23 2006

SARAH A. THORNTON         1/9/06

CLERK         DATE

(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date               Signature of Server

                                         Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.