UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

Civil No.: 1:05-11411-RWZ

| | |
|---|---|
| BARBARA A. JONES,<br>ROBERT M. JONES,<br>MOLLY JONES, ppa, and<br>STEVEN JONES, ppa,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHISKUMAR S. PATEL,<br>NITESHKUMAR K. PATEL,<br>RAMANBAJTI K. PATEL,<br>NEHA CORP.,<br>  d/b/a Quick Stop,<br>SHANKAR CORPORATION,<br>  d/b/a Dime Redemption Center,<br>DASHRATHBHAI P. PATEL, and<br>AJAY VARIETY CORP.<br>  d/b/a Highland Variety<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' OPPOSITION AND MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS OF THE DEFENDANTS, ASHISKUMAR S. PATEL, AND NITESHKUMAR K. PATEL

**NOW** come the plaintiffs, in the above-entitled matter, and hereby Notice their

Opposition to the Motion To Dismiss of the Defendants, Ashiskumar S. Patel, and

Niteshkumar K. Patel, filed February 8, 2006, at about 6:00 p.m..

The defendants' support their Motion To Dismiss, based upon a sole argument that

a Prior Pending State Action requires dismissal of this case.  Prior to addressing this

argument, however, the plaintiffs feel compelled to respond to certain factual allegations

made by the defendants under the "FACTS" portion of the defendants' Memorandum Of

Law In Support Of Motion To Dismiss, since the defendants have intentionally misstated

several facts that may be of some significance to the Court in making a decision on the

instant Motion.

## I.  FACTS

Without admitting to the accuracy of any factual allegations contained in the

"FACTS" not specifically mentioned herein, the plaintiffs' 'Emergency Motion To

Continue Trial' identified in the defendants' Memorandum, was based upon the state

court case not being ready for trial at the time, because the plaintiff, Barbara Jones, was

still treating from the injuries received from the accident, was due for another surgery[1],

and the plaintiff's physician was not able to provide his final medical opinions to be used

as evidence at trial.  The Motion To Amend The Complaint was denied before any

hearing on the Emergency Motion To Continue Trial, so the Motion To Amend was not

even a factor or discussed in relation to the Motion To Continue.

The state court case was reported settled to the Court, but the settlement that was

reached was one in which defendants' counsel offered to accept a Covenant Not To Sue,

and a Stipulation Of Dismissal Without Prejudice, in exchange for the payment of the full

policy limits available, to allow the plaintiffs the opportunity to continue with the Federal

Court action against the other defendants.  After the case was reported "settled", the

---

[1] The surgery was originally expected to occur in the fall of 2005, which would have been sufficient time to obtain
the final medical evidence needed for a trial.  The surgery was delayed, and did eventually occur in February, 2006.

defendants' counsel stated that the insurer  "… would not issue a settlement check

without having an actual release in hand running to its insureds and Arbella."  Therefore,

defendants' counsel has attempted to change the terms of the "settlement" after the

reported "settlement".  As a result, there may be no settlement, which is the reason for the

hearing on the Motion To Enforce Settlement scheduled for February 22, 2006, at 2:00

p.m., in the Bristol Superior Court.  Therefore, at this time, the Court cannot rely upon

any "settlement" allegedly reached, as a basis for making any decision on the instant

Motion To Dismiss.

Lastly, the defendants' attorney claims that there is "no evidence" that the

defendants received service in this case.  Obviously the defendants' attorney chose not to

view the returns of service of both defendants which have been on file (and online) since

January 28, 2006 [Docket No.(s) 41 and 42], but to dismiss any misconceptions of the

defendants' attorney, copies of the Returns of Service of both defendants are attached

hereto.  See Exhibits A and B attached hereto (which include proof of the service of the

Registrar, as evidenced by the Registry of Motor Vehicle Affidavits).

Plaintiffs' counsel further notes that defendants' counsel has failed to comply with

Local Rule 7.1(a)(2).  Plaintiffs' counsel does not believe a letter sent by facsimile

transmission only hours before the filing of the instant Motion complies with the spirit of

the Rule requiring the filing party to have "conferred and … attempted in good faith to

resolve or narrow the issue" prior to filing the Motion.  The defendants' counsel had from

at least February 2, 2002 (when defendants' counsel received a copy of the Summons

served upon Nick Patel; See Exhibit C attached hereto) to "confer", but chose not to

initiate any communication until 6 days later.  Defendants' counsel did not advise

plaintiffs' counsel that he or his firm represented the instant defendants in this case, and

did not request any Returns of Service of the defendants (although the Returns of Service

were filed as of January 28, 2006, showing a service date for both defendants on January

18, 2006) until a letter dated February 8, 2006. See Exhibit D attached hereto.  Instead

defendants' counsel chose to wait until hours before filing its Motion to initiate a

communication under Rule 7.1, knowing that the defendants' answers were due on the

day it initiated the communication. See Exhibit D attached hereto.

## II.  ARGUMENT

Generally, as between state and federal courts, the rule is that "the pendency of an

action in the state court is no bar to proceedings concerning the same matter in the

Federal court having jurisdiction . . . ." *McClellan v. Carland, supra, 217 U.S. at 282, 30*

*S.Ct. at 505, 54 L.Ed., at 767. See Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct.*

*1579, 12 L.Ed.2d 409 (1964).*

This difference in general approach between state-federal concurrent jurisdiction

and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation

of the federal courts to exercise the jurisdiction given them. *England v. Louisiana State*

*Bd. of Medical Examiners, 375 U.S. 411, 415, 84 S.Ct. 1, 464, 11 L.Ed.2d 440, 444*

*(1964); McClellan v. Carland, supra, 217 U.S., at 281, 30 S.Ct. at 504, 54 L.Ed. at 766;*

*Cohens v. Virginia, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821) (dictum).*  Given this

obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention.

No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. See *Landis v. North American Co., supra, 299 U.S. at 254-255, 57 S.Ct. at 165-166, 81 L.Ed. at 158*.

What is clear is that a federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances; and only the clearest of justifications will warrant dismissal. *Colorado River Water Conservation District v. United States, 424 U.S. 800, 818-819, 96 S.Ct. 1236, 1246-47, 47 L.Ed.2d 483*. Not only do no exceptional circumstances exist to defeat jurisdiction in this Court, the circumstances of the state court action actually requires this Court retain jurisdiction.

The decision whether to dismiss a federal action on grounds of wise judicial administration does not rest on a mechanical checklist, but on a careful balancing of the important factors (which court first assumed jurisdiction over property involved in the litigation, inconvenience of the federal forum, avoidance of piecemeal litigation, and the order in which the concurrent forums obtained jurisdiction) relevant to the decision as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. *Ibid.* Pp. 935-937.

There has been no showing by the defendants of the requisite exceptional circumstances to justify dismissal in this case. For example, there has been no assumption by either court of jurisdiction over any res or property, or any contention that the federal court is any less convenient to the parties than the state court. The other factors--avoidance of piecemeal litigation and the order in which the current forums obtained jurisdiction—actually support jurisdiction in the Federal Court – the Federal Court was the first court to obtain jurisdiction over all the defendants in this case, and there will not be "piecemeal litigation", since the two courts would not render inconsistent judgments.

The defendants argue that the state complaint is "nearly identical" to the Complaint in this matter, but it is not. The state action does not even contain the many of the defendants in this action. Nor does the pending state action contain any claim that Ashiskumar Patel was in the course of his employment and/or on the business of the defendants in this action. Moreover, the pending state action may be dismissed without prejudice, based upon the Nisi Order issued. If the state court action is dismissed under the Nisi Order, the instant action would be the plaintiffs' only pending action against the defendants. Therefore, the procedural history and present status of the state action mandate maintaining the instant action against these defendants. To do otherwise may result in the plaintiffs having no action and no settlement with these defendants.

Thus, the Federal Court is still be a proper place for this case to proceed based upon the factors set forth in *Colorado River Water Conservation District v. United States,*

<u>Barbara A. Jones, et al v. Ashishkumar S. Patel, et al</u>        **USDC Mass Civil #1:05-11411-RWZ**
Plaintiffs' Opposition And Memorandum Of Law In Opposition
To The Motion To Dismiss Of Defendants,
Ashiskumar S. Patel, and Niteshkumar K. Patel                          Page 7

*424 U.S. 800, 818-819, 96 S.Ct. 1236, 1246-47, 47 L.Ed.2d 483*; *Moses H. Cone v.*

*Mercury Construction Corp., 460 U.S. 1, 74 L.Ed.2d. 765, 103 S.Ct. 927 (1982).* The

mere age difference between the state court action and the instant action should not be the

basis for dismissal of the instant action. The legal claims against Ashiskumar Patel are

expanded in the instant action from the state court action, and any further discovery that

would be necessary would include a substantial amount of out-of-state discovery, which

is best suited in a federal court action.

## III. CONCLUSION

Since the status of the state court case is still unknown, and could possibly be

dismissed, without prejudice, pursuant to the Nisi Order issued by the Bristol Superior

Court, this Motion To Dismiss must be **DENIED**.

By Plaintiffs' Attorneys,

s/Robert A. Koditek

_____

Robert A. Koditek
**KODITEK LAW FIRM**
160 Old Derby Street
Suite 225
Hingham, MA  02043
(617) 328-3800

DATED:  February 18, 2006

__Barbara A. Jones, et al v. Ashishkumar S. Patel, et al__    **USDC Mass Civil #1:05-11411-RWZ**
Plaintiffs' Opposition And Memorandum Of Law In Opposition
To The Motion To Dismiss Of Defendants,
Ashiskumar S. Patel, and Niteshkumar K. Patel                          Page 8

## CERTIFICATE OF SERVICE

I, Robert A. Koditek, hereby certify that a true copy of the above document was
served upon (each party appearing pro se and/or) the attorney of record for each (other)
party by [mailing same (first class mail) (certified mail, return receipt requested) postage
pre-paid] [facsimile transmission] [overnight mail/delivery] [delivery/in-hand] [electronic
format], on this date, to:

Thomas W. Beliveau, Esquire                    John A. Eklund, Esquire
FULLER, ROSENBERG, PALMER              Benjamin J. Whitney, Esquire
   & BELIVEAU, LLP                              LYNCH & LYNCH
340 Main Street                                         45 Bristol Drive
Suite 817                                                   South Easton, MA  02375
Worcester, MA  01608


                                      s/Robert A. Koditek
                                  _____
                                  Robert A. Koditek

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

FILED
IN CLERK'S OFFICE

District of    MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS

Barbara A. Jones, et al,

Plaintiffs,

V.

Ashiskumar S. Patel, et al,

Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

# 05  11411 RWZ

TO: (Name and address of Defendant)

Ashiskumar S. Patel
c/o Registrar of Motor Vehicles (Anne L. Collins)
630 Washington Street
Boston, MA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Robert A. Koditek
> **KODITEK LAW FIRM**
> 160 Old Derby Street
> Suite 225
> Hingham, MA  02043
> (617) 328-3800

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON

CLERK

(BY) DEPUTY CLERK

DATE  1/9/06

EXHIBIT A p.1



AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ ______________________________
Date *Signature of Server*

______________________________
*Address of Server*

8/30/06

**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

January 24, 2006

I hereby certify and return that on 1/18//2006 at 10:00AM I served two copies copy of the within Summons and1st Amended Complaint, Jury Claim, motion Notice in this action together with $10.00 in fees, upon the within named Ashiskumar S Patel by delivering in hand to Becky Avinger , agent of the Massachusetts Registry of Motor Vehicles at 630 Washington Street, Boston, MA. along with $10.00 in fees. Fees: Paid Registrar ($10.00), U.S. District Court Fee ($5.00), Basic Service Fee (IH) ($30.00), Travel ($1.00), Postage and Handling ($1.00), Attest/Copies ($10.00) Total Charges $57.00

Deputy Sheriff, George Slyva

______________________________
Deputy Sheriff

EXHIBIT A p. 2

### THE COMMONWEALTH OF MASSACHUSETTS
### EXECUTIVE OFFICE OF TRANSPORTATION
### REGISTRY OF MOTOR VEHICLES



P.O. BOX 55896
BOSTON, MA 02205-5896
WWW.MASS.GOV/RMV

ANNE L. COLLINS
REGISTRAR

January 24, 2006

Robert A. Koditek, Esq.
Koditek Law Firm
160 Old Derby Street, Suite 225
Hingham, MA 02043-4061

RE:  BARBARA A. JONES, ROBERT M. JONES, MOLLY JONES, ppa, and STEVEN
     JONES, VS.  ASHISKUMAR S. PATEL, NITESHKUMAR K. PATEL,
     RAMANBAJTI K. PATEL,  NEHA CORP., d/b/a Quick Stop,  SHANKAR
     CORPORATION, d/b/a Dime Redemption Center,  DASHRATHBHAI P. PATEL,
     AJAY VARIETY CORP, d/b/a Highland Variety and/or Convenience.
     UNITED STATES DISTRICT COURT OF MASSACHUSETTS, CIVIL ACTION
     NO# 05-11411-RWZ.

Dear Atty. Koditek:

     The attached process has been served on the defendant pursuant to the provisions
of M.G.L. c. 90 §3C. Below please find the executed affidavit set forth in §3C, which by
law serves as prima facie evidence of service upon that party.

## AFFIDAVIT

     This hereby certifies that the attached process served upon the Registrar of Motor
Vehicles was forwarded by mail January 24, 2006, postage prepaid, to Ashiskumar S.
Patel. This is in accordance with the provisions of M.G.L. c. 90, §3C.

Signed under the pains and penalties of perjury on January 24, 2006.

Signed: _____*Kathleen Munson*_____
           Kathleen Munson, Keeper of the Records

ba

EXHIBIT A p. 3

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____MASSACHUSETTS_____

Barbara A. Jones, et al,

Plaintiffs,
v.

Ashiskumar S. Patel, et al,

Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

# 05  11411 RWZ

TO: (Name and address of Defendant)

Niteshkumar K. Patel
c/o Registrar of Motor Vehicles (Anne L. Collins)
630 Washington Street
Boston, MA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert A. Koditek
**KODITEK LAW FIRM**
160 Old Derby Street
Suite 225
Hingham, MA  02043
(617) 328-3800

20

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON                                    1/9/06

CLERK                                                        DATE

(BY) DEPUTY CLERK

EXHIBIT B p 1

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[i] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
              Date                Signature of Server


              _____
              Address of Server

Deputy Sheriff

Deputy Sheriff, George Slyva

January 24, 2006
I hereby certify and return that on 1/18/2006 at 10:00AM I served two copies copy of the within Summons andlst Amended Complaint, Jury Claim, action notice in this action together with $10.00 in fees, upon the within named Nileshkumar K Patel by delivering in hand to Becky Avinger, agent of the within named Nileshkumar K Patel at U.S. District Court Fee ($5.00), Basic Service Fee (IH) along with $10.00 in fees. Fees: Handling ($1.00), Attest/copies ($10.00) Total Charges $46.00

Suffolk County Sheriff's Department • 45 Bromfield Street • Boston, MA 02108 • (617) 989-9999
Suffolk, ss.



EXHIBIT B p.2



**THE COMMONWEALTH OF MASSACHUSETTS**
**EXECUTIVE OFFICE OF TRANSPORTATION**
**REGISTRY OF MOTOR VEHICLES**



P.O. Box 55896
BOSTON, MA 02205-5896
WWW.MASS.GOV/RMV

ANNE L. COLLINS
REGISTRAR

January 24, 2006


Robert A. Koditek, Esq.
Koditek Law Firm
160 Old Derby Street, Suite 225
Hingham, MA 02043-4061

RE: BARBARA A. JONES, ROBERT M. JONES, MOLLY JONES, ppa, and STEVEN
JONES, VS. ASHISKUMAR S. PATEL, NITESHKUMAR K. PATEL,
RAMANBAJTI K. PATEL, NEHA CORP., d/b/a Quick Stop, SHANKAR
CORPORATION, d/b/a Dime Redemption Center, DASHRATHBHAI P. PATEL,
AJAY VARIETY CORP, d/b/a Highland Variety and/or Convenience.
UNITED STATES DISTRICT COURT OF MASSACHUSETTS, CIVIL ACTION
NO# 05-11411-RWZ.

Dear Atty. Koditek:

The attached process has been served on the defendant pursuant to the provisions
of M.G.L. c. 90 §3D. Below please find the executed affidavit set forth in §3D, which by
law serves as prima facie evidence of service upon that party.

## AFFIDAVIT

This hereby certifies that the attached process served upon the Registrar of Motor
Vehicles was forwarded by mail January 24, 2006, postage prepaid, to Miteshkumar K.
Patel at the last address appearing in the Registrar's record. This is in accordance with the
provisions of M.G.L. c. 90, §3D.


Signed under the pains and penalties of perjury on January 24, 2006.

Signed: _Kathleen Munson_____
Kathleen Munson, Keeper of the Records

ba

*Exhibit B p3*

FROM :JOES MARKETPLACE                FAX NO. :19796525115          Feb. 21 2006 11:37AM  P1

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___MASSACHUSETTS___

Barbara A. Jones, et al,

       Plaintiffs, v.                       **SUMMONS IN A CIVIL ACTION**

Ashiskumar S. Patel, et al,

       Defendants.                       CASE NUMBER:

# 05  11411 RWZ

TO: (Name and address of Defendant)

Niteshkumar K. Patel
c/o Registrar of Motor Vehicles (Anne L. Collins)
630 Washington Street
Boston, MA

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

       Robert A. Koditek
       **KODITEK LAW FIRM**
       160 Old Derby Street
       Suite 225
       Hingham, MA  02043
       (617) 328-3800

                              20

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**JAN 23 2006**

SARAH A. THORNTON                              1/9/06
CLERK                                          DATE

(By) DEPUTY CLERK

*EXHIBIT C    p. 1*

# LYNCH & LYNCH

*A PROFESSIONAL CORPORATION*

Francis J. Lynch, III
Stephen M.A. Woodworth
Cynthia P. Karabelas
John A. Eklund
Susan E. Sullivan*
Stephen J. Duggan
Peter E. Heppner
Joseph C. Ferreira
Holly K. Lemieux
J. Gary Bennett

45 Bristol Drive
South Easton, MA 02375
Tel: (508) 230-2500
Fax: (508) 230-2510

Nelia M. Lussier
Susan K. Hannigan
John F. Gleavy
J. William Chamberlain, Jr.
Cynthia S. Ladd
Jeanne E. Flynn
Christiana E. Strojny**
Benjamin J. Whitney
Michelle A. Scanlon
Bradley A. Sultan***
David J. Lemasa
William F. Asci
Tanya M. DaSilva

253 Locust Street
Fall River, MA 02720
(508) 674-0021

8 Faneuil Hall Marketplace
Third Floor
Boston, MA 02109

Francis J. Lynch, II
1967 - 2001
Rory P. Melvin
1988 - 2004

*PLEASE DIRECT ALL CORRESPONDENCE
TO SOUTH EASTON ADDRESS*

**OF COUNSEL**
Anne-Marie Finn
Ellen M. Chiocca Carey
Barry K. LaCasse

*Also Admitted in Rhode Island
** Also Admitted in Maine
***Also Admitted in Florida

February 8, 2006

*via facsimile only*
Robert A. Koditek
Koditek Law Firm
160 Old Derby Street
Suite 225
Hingham, MA 02043

RE:     Jones, Barbara, et al vs. Patel, Ashiskumar; Patel, Niteshkumar
        Bristol Superior Court Civil Action No.: 2003-216
        Our File No.: 14497-36T

Dear Mr. Koditek:

This office has been retained to represent Ashiskumar "Andy" Patel and Niteshkumar "Nick" Patel in the Federal Court action filed by your clients, *Barbara A. Jones, et al, v. Ashiskumar S. Patel, et al,* U.S. District Court docket no. 05-11411-RWZ. We understand that service was made on Nick Patel on or about January 18, 2006. Please fax any return of service on Andy Patel to me, if service has been made.

I am writing to determine if you will agree to voluntarily dismiss the federal court action against Andy Patel and Nick Patel on the grounds that we have agreed to a settlement with respect to these claims and that there is a prior pending action in Bristol County Superior Court. Please let us know if you will voluntarily dismiss the federal court claims. If we do not receive a response from your office, we will electronically file a motion to dismiss the federal court action prior to the end of business today.

This letter will also confirm that I have discussed the use of a "covenant not to sue" with Arbella Mutual Insurance Company, and that they have indicated that they will not accept such a covenant in lieu of a general release of claims.

EXHIBIT D   p. 1

Robert A. Koditek, Esq.
February 8, 2006
Page 2 of 2

Thank you for your attention to this matter.

Very truly yours,

John A. Eklund
JAE:bjw

EXHIBIT D   p 2