UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

Civil No.: 05-11411-RWZ

| | |
|---|---|
| BARBARA A. JONES,<br>ROBERT M. JONES,<br>MOLLY JONES, ppa, and<br>STEVEN JONES, ppa,<br><br>   Plaintiffs,<br><br>vs.<br><br>ASHISKUMAR S. PATEL,<br>NITESHKUMAR K. PATEL,<br>RAMANBAJTI K. PATEL,<br>NEHA CORP.,<br> d/b/a Quick Stop,<br>SHANKAR CORPORATION,<br> d/b/a Dime Redemption Center,<br>DASHRATHBHAI P. PATEL, and<br>AJAY VARIETY CORP.<br> d/b/a Highland Variety<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO REVOKE ORDER OF DISMISSAL,
STRIKE STIPULATION OF DISMISSAL,
AND RE-OPEN CASE**

**NOW** come the plaintiffs in the above-entitled matter, and respectfully move this Honorable Court to revoke the Order of Dismissal entered on March 15, 2006, strike the Stipulation Of Dismissal filed March 14, 2006, re-open this matter, and return this case to the active civil docket.

In support hereof, the plaintiffs state that a tentative settlement was reached in a companion action pending in the Bristol Superior Court against the defendants

<u>Barbara A. Jones, et al v. Ashishkumar S. Patel, et al</u>   USDC Mass Civil #1:05-11411-RWZ
Plaintiffs' Motion To Revoke Order Of Dismissal,
Strike Stipulation Of Dismissal, And
Re-Open Case                                                                                      Page 2

Ashiskumar Patel and Niteshkumar Patel, represented by Attorney Eklund. Said settlement, once completed, included a Stipulation of Dismissal being filed in the instant action being signed by Attorney Eklund, Attorney Beliveau or Donahue, and plaintiffs' counsel.

On March 7, 2006, plaintiffs' attorney forwarded to Attorney Eklund by overnight courier, a Release of the plaintiffs, and also included signed Stipulation of Dismissal as to the Bristol action and the Federal action, with express instructions that the Stipulations WERE TO BE HELD IN ESCROW UNTIL SUCH TIME AS PLAINTIFFS' ATTORNEY ACKNOWLEDGED RECEIPT OF THE SETTLEMENT CHECKS (or to return the Stipulations if Attorney Eklund did not agree to holding the Stipulations in Escrow). [See Koditek Affidavit, Exhibit A].

By letter dated March 9, 2006, from Attorney Eklund [received by plaintiffs' counsel March 14 (as plaintiffs' counsel was not in the office March 13), and it was not sent by facsimile transmission as all other recent communications from Attorney Eklund], Attorney Eklund accepted the Release, and did not return (or indicate he was returning) the signed Stipulations. [See Koditek Affidavit, Exhibit B]. Attorney Eklund also did not state in his letter dated March 9, 2006, that he was not agreeable to holding the Stipulations in Escrow, nor that he accepted the Stipulations but not in Escrow. Attorney Eklund did state in his letter dated March 9, 2006, that he was forwarding the signed Federal Stipulation to "Fuller, Rosenberg", but plaintiffs' counsel presumed that it would

<u>Barbara A. Jones, et al v. Ashishkumar S. Patel, et al</u>   USDC Mass Civil #1:05-11411-RWZ
Plaintiffs' Motion To Revoke Order Of Dismissal,
Strike Stipulation Of Dismissal, And
Re-Open Case                                                                                     Page 3

continue to be held in Escrow until the settlement checks were received by plaintiffs' counsel, and that Attorney Eklund was just obtaining the only additional signature needed for filing the Stipulation [attorney from Fuller, Rosenberg] to be able to file the Stipulation once Attorney Eklund received notification of plaintiffs' counsel's receipt of the settlement checks.

Plaintiff's counsel viewed the notification of the electronic filing of the Stipulation of Dismissal in this case on at the end of the day on March 15, 2005, which indicated that the Stipulation of Dismissal in this case was filed on March 14, 2006, as Document #51[1]. Immediately thereafter, on March 15, 2006, plaintiffs' counsel sent a letter by facsimile transmission to Attorney Eklund and Attorneys Beliveau and Donahue, advising them that the Stipulation of Dismissal in the Federal action had been improperly removed from Escrow and filed, and that plaintiff's counsel would wait until the close of business on Thursday, March 16, 2006, for the defendants' counsel to take action to rectify the breach of the Escrow Agreement. [<u>See</u> Koditek Affidavit, Exhibit C].

Attorney Eklund did provide a communication to plaintiffs' counsel on March 17, 2006, but chose not to address theses issues in this Motion at this time.

Attorney Beliveau contacted plaintiffs' counsel by telephone on Friday, March 17, 2006, at approximately 4:20 p.m., and indicated that the Stipulation of Dismissal was

---

[1] The Stipulation of Dismissal, drafted by Attorney Eklund or his office, was not signed by Benjamin Whitney who is the only attorney who entered an appearance in this case on behalf of the defendants Ashiskumar Patel and Niteshkumar Patel.

**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**     USDC Mass Civil #1:05-11411-RWZ
Plaintiffs' Motion To Revoke Order Of Dismissal,
Strike Stipulation Of Dismissal, And
Re-Open Case                                              Page 4

received by his office and filed by his secretary without his knowledge, and thus filed in error. Attorney Beliveau further indicated that he would be willing to assent to a Motion to revoke the Order of Dismissal.

The prior history between plaintiffs' counsel and Attorney Eklund on a prior attempted settlement of this case is relevant, and somewhat detailed in Plaintiffs' Opposition and Memorandum Of Law In Opposition To Motion To Dismiss of The Defendants, Ashiskumar S. Patel, And Niteshkumar K. Patel [Document #50]. The differences in the settlement agreement believed by each attorney resulted in Attorney Eklund's Motion To Enforce Settlement Agreement (based upon an agreement as perceived by Attorney Eklund) being DENIED in the Bristol Superior Court. As a result, plaintiffs' attorney is not confident in any statements made by Attorney Eklund, despite Attorney Eklund's assurances that the insurer intends to complete the settlement, until the actual settlement checks are received. Despite the plaintiffs' signed Release being provided to Attorney Eklund by March 8, 2006, no settlement checks have yet been received and are not expected to be received for some time. Refer to plaintiffs' counsel's letter to Attorney Eklund dated march 15, 2006, for further details on this issue. [Also, see Koditek Affidavit, Exhibit C].

As a result of the breach of Escrow by Attorney Eklund, and the uncertainty of Attorney Eklund completing the tentative settlement Agreement, this action was

<u>Barbara A. Jones, et al v. Ashishkumar S. Patel, et al</u>   USDC Mass Civil #1:05-11411-RWZ
Plaintiffs' Motion To Revoke Order Of Dismissal,
Strike Stipulation Of Dismissal, And
Re-Open Case                                                                                        Page 5

prematurely Dismissed on March 15, 2006, also apparently by the mistake of Attorney Beliveau..

An Affidavit of Robert A. Koditek, Esquire, attorney for the plaintiffs, is filed herewith in support of this Motion.

**WHEREFORE**, the plaintiffs request the that Order of Dismissal entered on March 15, 2006, be vacated, that the Stipulation of Dismissal filed on March 14, 2006, be stricken, that this action be RE-OPENED and returned to active civil docket, and/or such other and further Orders as this Court deems just and proper.

By Plaintiffs' Attorneys,

s/Robert A. Koditek

_____

Robert A. Koditek
**KODITEK LAW FIRM**
160 Old Derby Street
Suite 225
Hingham, MA  02043
(617) 328-3800

DATED:  March 17, 2006

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Robert A. Koditek, Esquire, herby certify that on the 17th day of March, 2006, pursuant to Local Rule 7.1(a)(2), correspondence was forwarded by facsimile transmission to counsels for the defendants, Benjamin J. Whitney, John A. Eklund, Thomas W. Beliveau, and John P. Donahue, attempting to resolve the issues in the instant Motion.

s/Robert A. Koditek

_____

Robert A. Koditek

<u>Barbara A. Jones, et al v. Ashishkumar S. Patel, et al</u>    USDC Mass Civil #1:05-11411-RWZ
Plaintiffs' Motion To Revoke Order Of Dismissal,
Strike Stipulation Of Dismissal, And
Re-Open Case    Page 6

## CERTIFICATE OF SERVICE

I, Robert A. Koditek, hereby certify that a true copy of the above document was served upon (each party appearing pro se and/or) the attorney of record for each (other) party by ~~[mailing same (first class mail) (certified mail, return receipt requested) postage pre-paid] [facsimile transmission] [overnight mail/delivery] [delivery/in-hand]~~ [electronic format], on this date, to:

Thomas W. Beliveau, Esquire
FULLER, ROSENBERG, PALMER
   & BELIVEAU, LLP
340 Main Street
Suite 817
Worcester, MA  01608

Benjamin J. Whitney, Esquire
LYNCH & LYNCH
45 Bristol Drive
South Easton, MA  02375

s/Robert A. Koditek
_____
Robert A. Koditek

UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

Civil No.: 05-11411-RWZ

BARBARA A. JONES, )
ROBERT M. JONES, )
MOLLY JONES, ppa, and )
STEVEN JONES, ppa, )
)
      Plaintiffs, )
)
vs. )
)
ASHISKUMAR S. PATEL, )
NITESHKUMAR K. PATEL, )
RAMANBAJTI K. PATEL, )
NEHA CORP., )
  d/b/a Quick Stop, )
SHANKAR CORPORATION, )
  d/b/a Dime Redemption Center, )
DASHRATHBHAI P. PATEL, and )
AJAY VARIETY CORP. )
  d/b/a Highland Variety )
)
      Defendants. )
)

## AFFIDAVIT OF ROBERT A. KODITEK, ESQUIRE

**NOW** comes Robert A. Koditek, Esquire, and upon oath, states the following is true to the best of his knowledge, information and belief:

1.    On March 7, 2006, I forwarded to Attorney Eklund by overnight courier, a Release (drafted by Attorney Eklund) signed by the plaintiffs. Also included in the package to Attorney Eklund on March 7, were signed Stipulations of Dismissal (drafted by Attorney Eklund) as to the action pending in the Bristol Superior Court, as well as this

<u>Barbara A. Jones, et al v. Ashishkumar S. Patel, et al</u>　　USDC Mass Civil #1:05-11411-RWZ
Affidavit of Robert A. Koditek, Esquire　　　　　　　　　　　　　　　　　　　　　　Page 2

action in the Federal Court, with express instructions that the Stipulations WERE TO BE HELD IN ESCROW UNTIL SUCH TIME AS PLAINTIFFS' ATTORNEY ACKNOWLEDGED RECEIPT OF THE SETTLEMENT CHECKS (or to return the Stipulations if Attorney Eklund did not agree to holding the Stipulations in Escrow). <u>See</u> Exhibit A attached hereto.

2. By letter dated March 9, 2006, from Attorney Eklund [received by me March 14 (as I was not in the office March 13)], Attorney Eklund accepted the Release I sent on March 7, 2006, and did not return (or indicate he was returning) the signed Stipulations. <u>See</u> Exhibit B. The letter from Attorney Eklund dated March 9, 2006, was <u>not</u> sent by facsimile transmission as were all other recent communications from Attorney Eklund. Attorney Eklund did indicate in his letter dated March 9, 2006, that he was forwarding the signed Federal Stipulation to "Fuller, Rosenberg", but he did not indicate that it would be filed. As a result, I presumed that the Stipulation would continue to be held in Escrow until the settlement checks were received by me, and that Attorney Eklund was merely obtaining the only additional signature needed for filing the Stipulation [attorney from Fuller, Rosenberg] to be able to file the Stipulation once Attorney Eklund received my notification of receipt of the settlement checks.

3. I viewed the notification of the electronic Notice of filing of the Stipulation of Dismissal in this case on at the end of the day on March 15, 2005, which Notice indicated that the Stipulation of Dismissal in this case was filed on March 14, 2006, as Document 51, and the case closed on March 14, 2006.

<u>Barbara A. Jones, et al v. Ashishkumar S. Patel, et al</u>     USDC Mass Civil #1:05-11411-RWZ
Affidavit of Robert A. Koditek, Esquire                                                    Page 3

4. Immediately after viewing the electronic notification from this Court, I sent a letter by facsimile transmission to Attorney Eklund and Attorneys Beliveau and Donahue, on March 15, 2006, informing them that the Stipulation of Dismissal in the Federal action had been improperly removed from Escrow and filed, and that I would wait until the close of business on Thursday, March 16, 2006, for the defendants' counsel to take action to rectify the breach of the Escrow. <u>See</u> Exhibit C.

5. No responsive communication was received from Attorney Eklund addressing the issues. Attorney Beliveau contacted me by telephone on Friday, March 17, 2006, at approximately 4:20 p.m., and indicated that the Stipulation of Dismissal was received by his office and filed by his secretary without his knowledge. Attorney Beliveau further indicated that he would be willing to assent to a Motion to revoke the Order of Dismissal.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 17th DAY OF MARCH, 2006.**

s/Robert A. Koditek
_____
Robert A. Koditek

<u>**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**</u>   USDC Mass Civil #1:05-11411-RWZ
Affidavit of Robert A. Koditek, Esquire                                                     Page 4

### CERTIFICATE OF SERVICE

     I, Robert A. Koditek, hereby certify that a true copy of the above document was served upon (each party appearing pro se and/or) the attorney of record for each (other) party by [mailing same (first class mail) (certified mail, return receipt requested) postage pre-paid] [facsimile transmission] [overnight mail/delivery] [delivery/in-hand] [electronic format], on this date, to:

Thomas W. Beliveau, Esquire
FULLER, ROSENBERG, PALMER
   & BELIVEAU, LLP
340 Main Street
Suite 817
Worcester, MA  01608

Benjamin J. Whitney, Esquire
LYNCH & LYNCH
45 Bristol Drive
South Easton, MA  02375

                                s/Robert A. Koditek
                                _____
                                Robert A. Koditek

**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**  
Affidavit of Robert A. Koditek, Esquire

**USDC Mass Civil #1:05-11411-RWZ**  
Page 5

# EXHIBIT A

**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**  
Affidavit of Robert A. Koditek, Esquire

**USDC Mass Civil #1:05-11411-RWZ**  
Page 5

# KODITEK LAW FIRM

160 OLD DERBY STREET
SUITE 225
HINGHAM, MA 02043-4061

617-328-3800

FAX 617-801-8013
TOLL FREE 877-KODITEK
(563-4835)

email: rkoditek.klf@verizon.net

DIRECT NUMBER: 617-548-4480

March 7, 2006

**BY FEDERAL EXPRESS**

John A. Eklund, Esquire
**LYNCH & LYNCH**
45 Bristol Drive
South Easton, MA 02375

RE:  Barbara A. Jones, et al v. Patel, et al
     Bristol Superior Court
     Civil No.: BRCV2003-216B

Dear Attorney Eklund:

Since you refused to accept and/or return my telephone call to you, I am enclosing with this letter, the following:

1. Release of All Claims signed by the Plaintiffs;

2. Stipulation Of Dismissal With Prejudice, signed by me [Bristol action]; and

3. Stipulation Of Dismissal With Prejudice, signed by me [Federal action].

The Stipulations of Dismissal are provided to you to hold in escrow until such time as I acknowledge that the settlement checks in the agreed amounts are received by me. If you do not agree to hold the Stipulations in escrow, please return same to me immediately.

If you do agree to hold the Stipulations of Dismissal in escrow, once I notify you of the receipt of the four (4) settlement checks totaling $50,000.00, you may sign and forward the Bristol Stipulation of Dismissal to the Court, with a copy to me. At that time, you may also sign and forward the Federal Stipulation of Dismissal to Attorney Donohue for his signing and filing with the Court, with a copy to me (or you can simply return the Federal Stipulation of Dismissal to me after you sign it and I will forward to Attorney Donahue.

Please forward the four (4) settlement checks totaling $50,000.00 to me at your earliest convenience, as previously agreed.

EXHIBIT A p1.

**KODITEK LAW FIRM**

John Eklund, Esquire
**LYNCH & LYNCH**
March 7, 2006
Page 2

Thank you.

                         Very truly yours,

                         **KODITEK LAW FIRM**

                         By:_____
                             Robert A. Koditek

RAK;slf
Enclosures

C:\DOCS\LEGAL FILES\KODITEK LAW\2095 - Barbara Jones v. Patel, et al\letters - Bristol Sup Ct\Eklund.atty.enclosure.FEDX.doc

*Exhibit A p 2*

**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**  
Affidavit of Robert A. Koditek, Esquire

**USDC Mass Civil #1:05-11411-RWZ**  
Page 6

# EXHIBIT B

# LYNCH & LYNCH

A PROFESSIONAL CORPORATION

45 Bristol Drive
South Easton, MA 02375
Tel: (508) 230-2500
Fax: (508) 230-2510

Francis J. Lynch, III
Stephen M.A. Woodworth
Cynthia P. Karabelas
John A. Eklund
Susan E. Sullivan*
Stephen J. Duggan
Peter E. Heppner
Joseph C. Ferreira
Holly K. Lemieux
J. Gary Bennett

253 Locust Street
Fall River, MA 02720
(508) 674-0021

8 Faneuil Hall Marketplace
Third Floor
Boston, MA 02109

Nella M. Lussier
Susan K. Hannigan
John F. Gleavy
J. William Chamberlain, Jr.
Cynthia S. Ladd
Jeanne E. Flynn
Christiana E. Strojny**
Benjamin J. Whitney
Michelle A. Scanlon
Bradley A. Sultan***
William F. Asci
Tanya M. Da Silva

Francis J. Lynch, II
1967 - 2001
Rory P. Melvin
1988 - 2004

*Also Admitted in Rhode Island
** Also Admitted in Maine
***Also Admitted in Florida

*PLEASE DIRECT ALL CORRESPONDENCE TO SOUTH EASTON ADDRESS*

**OF COUNSEL**
Anne-Marie Finn
Ellen M. Chiocca Carey
Barry K. LaCasse

March 9, 2006

Robert A. Koditek, Esq.
Koditek Law Firm
160 Old Derby Street
Suite 225
Hingham, MA 02043

RE: Jones, Barbara, et al vs. Patel, Ashiskumar; Patel, Niteshkumar
Bristol Superior Court Civil Action No.: 2003-216
Our File No.: 14497-36T

Dear Mr. Koditek:

I have received the signed releases and signed Stipulations of Dismissal.

I have forwarded the release to Arbella and I anticipate that the settlement checks totaling $50,000 will be issued in the very near future assuming that there are no DOR liens.

I have forwarded the signed Stipulation of Dismissal in the Federal Court case to Fuller, Rosenberg. I am holding the original Stipulation of Dismissal, which I plan to file in Bristol Superior Court on March 20, 2006. I will copy you on the Stipulation when it is filed in Court.

Very truly yours,

John A. Eklund
JAE/idc
Enclosure
cc: Thomas Beliveau, Esq.
L79-0348512.DOC

EXHIBIT B

**Barbara A. Jones, et al v. Ashishkumar S. Patel, et al**
Affidavit of Robert A. Koditek, Esquire

**USDC Mass Civil #1:05-11411-RWZ**
Page 7

# EXHIBIT C

# KODITEK LAW FIRM

160 OLD DERBY STREET
SUITE 225
HINGHAM, MA 02043-4061

617-328-3800

FAX 617-801-8013
TOLL FREE 877-KODITEK
(563-4835)

email: rkoditek.klf@verizon.net

DIRECT NUMBER: 617-548-4480

March 15, 2006

### BY FACSIMILE TRANSMISSION [ONLY] (508) 230-2510

John A. Eklund, Esquire
**LYNCH & LYNCH**
45 Bristol Drive
South Easton, MA 02375

RE:   **Barbara A. Jones, et al v. Patel, et al**
      **Bristol Superior Court**
      **Civil No.: BRCV2003-00216C**

Dear Attorney Eklund:

    My letter to you dated March 7, 2006, clearly set forth the terms and conditions under which you were to hold the Stipulations of Dismissals – "in escrow". You violated those terms by forwarding the Federal Stipulation of Dismissal to Attorney Donahue and/or Beliveau prior to my receiving the settlement checks totaling $50,000.00. I gave you the benefit of the doubt when you informed me that you provided the signed Stipulation of Dismissal to Attorney Donahue and/or Beliveau, by presuming that you provided it to Attorney Donahue and/or Beliveau to hold in escrow pending the completion of the settlement. Based upon you past actions I should have known better, and I will not make that mistake again - just a few minutes ago I received an electronic notification that the Federal Stipulation of Dismissal has already been filed in the Court in direct violation of the escrow agreement under which you accepted it. [Remember, you were also advised that if you did not agree to hold the Stipulations in escrow, you were to return them to me, and since you did not return them you agreed to hold them in escrow].

    If actions to revoke the Order of Dismissal are not commenced in the Federal Court by the close of business on Thursday, March 16, 2006 (with a copy to me by that time of the actions taken), I will be forced to take any and all actions that are available to me to protect my clients' rights caused by your violation of the escrow agreement. [Of course, if I receive the settlement checks by close of business on March 16, 2006 it will

CONFIDENTIALITY NOTICE: The document(s) accompanying this fax contain confidential information that is legally privileged. This information is intended only for the use of the intended recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of information except its direct delivery to the intended recipient named above is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone to arrange for return of the original documents to us.

Please let the sender know if all pages have not been received. Thank you.

EXHIBIT C p.1

**KODITEK LAW FIRM**

John Eklund, Esquire
**LYNCH & LYNCH**
March 15, 2006
Page 2

become moot, but since you already advised me by your letter of March 14, 2006, that I would not be receiving the checks for at least 10 days from now, I do not see that as a very real possibility.]

You apparently are continuing on your course of conduct of making unilateral changes to clear and unequivocal agreements. This time at least it is in writing. When I sent the signed Release that contained the Settlement Agreement, there were no additional conditions that my clients needed to comply with. Your letters of March 14, 2006, now seek to impose additional conditions upon my clients. More importantly, the requested information is made after you had my clients' signed Release for six (6) days. Since you included the language in the Release relative to the insurer complying with the DOR obligation, I presumed you were very aware of what was required. Since you did not seek any additional information from my clients prior to March 14, 2006 (including your March 9, 2006, correspondence accepting the Release), I could only presume that you already had all the required information from various discovery, depositions, and/or medical records supplied in this case. While my clients did provide a release related to the DOR Notice, delay in payment amounts occasioned by said Notice, and acts taken to comply with the DOR obligation, my clients did not release the defendants or the insurer from their obligation to <u>make</u> the Notice timely (especially considering that no additional requests for information were requested or required in the Settlement Agreement).

Just so you are clear, **I do not authorize you remove from escrow and file, nor do I agree to you filing, the Stipulation of Dismissal I signed in the Bristol action at any time before I receive the settlement checks**, especially since you would have had ten (10) days from receipt of the Release [which is the maximum amount of time you indicated the DOR would respond by] to provide the DOR with the information requested and then issue the settlement checks by March 20, 2006.

From what I can determine, either you are determined to make the settlement of this matter as difficult as possible, or you really do not want to settle the case (despite your client's desire to settle the case). Either way, this appears to be heading in a direction I really do not want to get into at this point.

**CONFIDENTIALITY NOTICE**: The document(s) accompanying this fax contain confidential information that is legally privileged. This information is intended only for the use of the intended recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of information except its direct delivery to the intended recipient named above is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone to arrange for return of the original documents to us.

Please let the sender know if all pages have not been received. Thank you.

EXHIBIT C p. 2

**KODITEK LAW FIRM**

John Eklund, Esquire
**LYNCH & LYNCH**
March 15, 2006
Page 3

  I will await your explanation, if any, suggestion(s) as to how you want to finalize this matter, if at all, including how you plan to rectify your breach of the escrow agreement.

  Thank you for immediate attention to this matter.

        Sincerely,

        **KODITEK LAW FIRM**

        By: _/s/ Robert A. Koditek_____
        Robert A. Koditek

RAK;slf
cc: Thomas Beliveau, Esquire [by FAX 508.757.1039]
   John P. Donohue, Esquire [by FAX 508.757.1039]

C:\DOCS\LEGAL FILES\KODITEK LAW\2095 - Barbara Jones v. Patel, et al\letters - Bristol Sup Ct\Eklund.atty.FAX.doc

*Exhibit C p.3*

**CONFIDENTIALITY NOTICE:** The document(s) accompanying this fax contain confidential information that is legally privileged. This information is intended only for the use of the intended recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of information except its direct delivery to the intended recipient named above is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone to arrange for return of the original documents to us.

Please let the sender know if all pages have not been received. Thank you.

```
                              TRANSACTION REPORT                    P. 01
                              ─────────────────────
                                                        MAR-15-2006 WED 07:17 PM

    BROADCAST

   DATE  START    RECEIVER        TX TIME  PAGES TYPE      NOTE          M#   DP
  MAR-15 07:12 PM 15082302510     1' 12"     3   SEND      OK           379   01
         07:14 PM 15087571039     1' 12"     3   SEND      OK           379   01
         07:15 PM 15087571039     1' 12"     3   SEND      OK           379   01

                                         TOTAL :       3M 36S  PAGES:   9
```

# KODITEK LAW FIRM

160 OLD DERBY STREET                                    Fax 617-801-8013
SUITE 225                                            TOLL FREE 877-KODITEK
HINGHAM, MA 02043-4061                                      (563-4835)
                         617-328-3800

email: rkoditek.klf@verizon.net                  DIRECT NUMBER: 617-548-4480

March 15, 2006

## BY FACSIMILE TRANSMISSION [ONLY] (508) 230-2510

John A. Eklund, Esquire
**LYNCH & LYNCH**
45 Bristol Drive
South Easton, MA 02375

RE:   **Barbara A. Jones, et al v. Patel, et al**
      **Bristol Superior Court**
      **Civil No.: BRCV2003-00216C**

Dear Attorney Eklund:

   My letter to you dated March 7, 2006, clearly set forth the terms and conditions

*EXHIBIT C p. 4*